J. A. EDMONSTON ET AL.

*vs.*

HENRY P. GILBERT ET AL.

LAW. No. 23,859.

Decided January 12, 1885.
The CHIEF JUSTICE and Justices MAC ARTHUR,
    Cox and JAMES sitting.

1. A note consecutively endorsed by three persons, being dishonored, the holder notified by mail the last endorser, who lived in a different city, enclosing him at the same time two notices for delivery to the other endorsers, the last of whom resided in the same city with the holder of the note. These notices the endorser to whom they had been mailed immediately delivered to his next endorser, who, in turn, mailed, on the next day, to the first endorser, the notice intended for him.

*Held*, Sufficient to fix the liability of the first endorser.

2. The rule laid down in Morton *vs.* Cammack, Mac A. & Mackey, 22, that where the holder and endorser reside in the same city, notice of protest by mail is not sufficient, does not apply to a case where there are several endorsers some of whom live in another city.

STATEMENT OF THE CASE.

This action is brought upon a promissory note against the makers, (a partnership), Booth, Wemple & Smith, and also against one of the endorsers, Henry P. Gilbert, the appellant in this case. The drawers of the note interposed no defence; the endorser, however, insists that he is not liable upon the ground that due and proper notice of the presentment and dishonor of the note was not given him, and the legal sufficiency of the notice claimed to have been given, to charge the endorser, was the matter submitted to the court.

From the bill of exceptions and case stated, these facts appear:

1. That the Citizens' National Bank of Washington City D. C., was the holder of the note from and after the 12th or at least the the 13th day of June, 1882.

2. The note matured on the 16th of July, 1882; adding the days of grace, was positively payable on the 19th of July, 1882.

3. That the endorser, Gilbert, was well acquainted with the Citizens' National Bank and its officers, and they with him, and that he was a hardware merchant, had been in business for nineteen years in Washington, and had often done business with that bank.

4. That on the 21st of July, 1882, the National Farmers and Planters' Bank of Baltimore, Maryland, received from the Citizens' Bank, in a letter dated July 20, 1882, the note, together with notices of protest, for itself, the plaintiffs, and for defendant Gilbert.

5. That on the 21st of July, 1882, the Baltimore bank notified the plaintiffs and enclosed the notice for the other endorser (Gilbert) to them; that Blundon, one of the plaintiff's firm, on the same day enclosed the notice to the defendant, Gilbert, with a letter from himself in his own name, and this notice and letter were received by the defendant in his morning mail on the 22d of July, 1882.

6. That the endorser, Gilbert, received no other notice of the dishonor of the note than the letter from Blundon of the 21st of July, and the notice enclosed therein.

This was substantially the testimony given in the case.

Whereupon the defendant prayed the court to instruct the jury:

1. That if the jury find from the whole evidence that the Citizens' National Bank of Washington was the party to whom the note in suit was sent for demand and payment, it thereby became and was the real holder of said note for giving and receiving notices in regard thereto; and if the jury shall further find that the said Citizens' National Bank was located and doing business in Washington, and defend-

ant, Gilbert, was also, and had been for a long time pre-
viously a resident of, and doing business in the same place,
and this was known to said bank, and that no other notice
of dishonor of said note in suit was sent to the defendant
than the one mailed from Baltimore, Md., on the 21st of
July, 1882, then their verdict should be for the defendant.

2. That a notice of non-payment of a note, where the
holder and endorser reside, and do business in the same lo-
cality or place, must be given to the endorser personally, or
left at his place of abode or place of business, at least on
the day after the dishonor of said note, to bind the enndorser.

3. That notice of non-payment of a note to the endorser
when parties reside in the same town or place, is not suf-
ficient to bind him when sent by mail.

The court refused to grant these prayers, but instructed
the jury that upon the whole evidence, the defendant, Gilbert,
was liable, and their verdict was so rendered.

BIRNEY & BIRNEY for plaintiff.

FRED W. JONES for defendant Gilbert.

It is submitted: 1st. That a want of proper notice is a
complete defence on the part of an endorser; the doctrine
which formerly obtained that he must be injured for want
of notice having been exploded. Hill vs. Heap, 16 Eng. C.
L. R., 435.

2d. That the Citizens' National Bank of Washington, D.
C., being the real holder of the note before and at the date
of its maturity, was the only proper party to give notice of
the dishonor of the note to all endorsers. Worden vs.
Nourse, 36 Vt., 756; Warren vs. Gilman, 5 Shepley, 360;
Bank vs. Perkins, 7 Shepley, 292; Troy Bank vs. Capital
Bank, 41 Barb.; Ogden vs. Dobbins, 2 Hall, 112; Bank vs.
Fellows, 2 Foster (28 N. H.), 302; Smedes vs. Bank, 20
Johns., 379; Thompson vs. Bank, 3 Hill, S. C. (law), 77;
Id., 1 Riley, S. C. (law), 81; Ib., 23 Am. Dec., 354.

3d. That where the holder and endorser both reside or do
business in the same place, to bind or charge the endorser,
notice must be given to him personally, or left at his place

of abode, or place of business, at least or latest, on the day
after dishonor of said note ; and notice by mail is not suf-
ficient to charge such endorser.   Cabot Bank *vs.* Warner,
10 Allen, 522 ; Green *vs.* Darling, 3 Shepley, 143 ; Morton
*vs.* Ward, 7 Wash. L. R., and authorities there cited ; Bailey
*vs.* Bank of Mo., 7 Mo., 467 ; Kramer *vs.* McDarell, 8 Watts
& Serg., 138 ; Stephenson *vs.* Primrose, 8 Porter, 155 ; Curtis
*vs.* Bank, 6 Blackf., 302 ; Pierce *vs.* Pindar, 5 Metc., 352 ;
Power *vs.* Mitchell, 7 Wis., 161 ; Norris *vs.* Bank, 10 Mich.,
547 ; Bell *vs.* Bank, 7 Gill, 216 ; Walters *vs.* Brown, 15 Md.,
285 ; Miranda *vs.* Bank, 6 La., 740.

The note was born in Washington—its maker and payee
(the endorser Gilbert) lived and did business in Washing-
ton—it was made payable at a bank in Washington, and at
its maturity, and for some weeks before, the note was held
in Washington.

The Citizens' Bank and its notary partially construed the
law applicable to the case, and interpreted their duties under
it.   The notice given, itself, advises the endorser, Gilbert,
that he is accountable to the " Citizens' National Bank " for
the said note, and the notary certifies that the demand and
protest was made by him at the request of the " Citizens'
National Bank."

But should a note like the one in this suit be taken by an
endorsee to a distant place, for instance, San Francisco,
California, or London, England, and there discounted or de-
posited for collection, would it be, or can it be, held that the
payee and first endorser would or could be charged upon a
notice from the bank here transmitted to such distant place,
but directed to such endorser, and then re-transmitted to the
endorser at the same place ?

It is obvious that the instructions prayed for embodied
and stated the law of the case, and of this court, and should
have been granted and given to the jury, and that the court
below erred in refusing to give said instructions.   It is
equally obvious that the instructions given by the court
below wrongly stated the law of the case, and, therefore,
that as to the defendant Gilbert, who is sued in this action

jointly with the makers of the note, the judgment should be vacated and set aside.

Mr. Justice MAC ARTHUR delivered the opinion of the court.

In this case the declaration is upon a promissory note. The first endorser is the payee. It is dated July 16, 1881, payable in 12 months at the Bank of the Republic in this city. Gilbert endorsed the note to Edmonston & Sons, a co-partnership doing business in Baltimore. They placed it, as the period of maturity was approaching, in the National Farmers and Planters' Bank of the city of Baltimore. That bank endorsed it to the Citizens' National Bank of this city for collection.

We have, then, three endorsers: Gilbert, the payee; Edmonston & Sons, and then the National Farmers and Planters' Bank. The note was presented at the Bank of the Republic, and payment refused. It was protested, and notices were enclosed in a communication to the National Farmers and Planters' Bank of Baltimore. The notices of protest appear to have been sufficient to fix the liability of all the endorsers, provided they were properly delivered. The bank in Baltimore delivered the notices to their immediate endorsers, Edmonston & Sons, who, in their turn, transmitted the notice to Gilbert, at his residence in Washington. So that we have the three endorsers notified, each giving his immediate endorser notice the same day or the day after receiving it.

There can be no fault found with this method of notifying the endorsers, for it appears to be well established as law that the holder may give notice of the dishonor of commercial paper to his immediate endorser, and that one can then give notice to the previous one, and so on through the series of endorsers up to the first, and they, then, all become liable to the holder of the note. If, however, the holder sees fit to give notice only to his immediate endorser he takes that responsibility. If they communicate the notice in time to the antecedent endorsers, it fixes the liability of each

and all of them to the holder, although he may have communicated the notice only to his immediate endorser. Now, we think that that was done in this case, and consequently that the liability of the first endorser is established. It is said that the notices ought to have been served by the Citizens' National Bank upon Gilbert directly. This bank has its habitat in Washington, where Gilbert also resides; the general rule is that where the holder and the endorser of a dishonored note live in the same city, service by mail is not sufficient—that it must be made either at his residence or place of business. This rule has been recognized by a decision of this court in a case where there was but a single endorser, Morton *vs.* Cammack, Mac A. & Mackey, 22. But the law approves the method pursued in this case where there are several endorsers, so that the application of the decision of this court in a case where there was but one endorser can scarcely be applied to a case of this description.

It is said that the notice which was received by the first endorser, who is the defendant, apprised him that he was accountable to the Citizens' National Bank of Washington, and it is claimed upon this ground that the notice ought to have been served upon him directly by the bank in this city. But the notice was transmitted properly by the bank here to the bank in Baltimore; the bank in Baltimore delivered the notice which had been enclosed for the second endorser, the plaintiffs in this action, and they, in turn, immediately communicated the notice that was designed for Gilbert, the first endorser, by mail, apprising him of the fact that the note had been returned to them dishonored, and that they wanted him to pay it, or language to that effect. We do not know that they could have done anything more to fasten the liability of the defendant Gilbert.

We are of opinion that the motion for a new trial upon the bill of exceptions should be denied.